UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

        v.

JOHN ROE, *et al.*,

    Defendants.

Civil Action No. 25-2978 (JEB)

## MEMORANDUM OPINION AND ORDER

Plaintiff Jane Doe was in her first semester at the Catholic University of America ("Catholic University") last fall. See ECF No. 1 (Compl.), ¶ 1. According to Doe, on the night of October 18–19, 2024, she met Defendant John Roe at a "house party," where an already inebriated Doe consumed more alcoholic drinks and was later "escorted" by Roe to his room. Id., ¶ 2. Doe alleges that Roe proceeded to sexually assault and abuse her, leaving visible injuries on her body. Id., ¶¶ 2, 6, 25. Because revealing the details of her encounter with Roe threatens her "privacy, confidentiality, and dignity" and risks "further emotional distress," Plaintiff has filed separate Motions to Proceed Pseudonymously and to Proceed Partially Under Seal. See ECF Nos. 2 (Pseudo. Mot.), ¶¶ 3, 5; 4 (Sealing Mot.). She has additionally asked the Court to allow Roe to proceed pseudonymously to "avoid risk of unfairness" — in advance of such a motion by the defense. See Pseudo. Mot., ¶ 7. The Court will grant the Motion to allow Doe and Roe to proceed under pseudonyms and the Motion to File Under Seal exhibits accompanying the Complaint and the proposed summons.

1

**I.       Legal Standard**

Generally, a plaintiff filing a civil action must identify the parties and file on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  Since Plaintiff seeks to proceed both pseudonymously and under seal, the Court reviews the legal standards for both Motions.

A.       Pseudonymity

This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,

> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

### B. Sealing

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)). When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980). Those factors are:

> [1] the need for public access to the documents at issue;
>
> [2] the extent of previous public access to the documents;
>
> [3] the fact that someone has objected to disclosure, and the identity of that person;
>
> [4] the strength of any property and privacy interests asserted;
>
> [5] the possibility of prejudice to those opposing disclosure; and
>
> [6] the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., Inc., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

## II. Analysis

The Court separately addresses pseudonymity and then sealing.

### A. Pseudonymity

Plaintiff has met her burden to show that her privacy interests outweigh the public's presumptive and substantial interest in learning her identity. Because Doe persuasively proposes

3

that similar interests weigh in favor of Roe's pseudonymity, the Court will afford him similar anonymity.  See Pseudo. Mot., ¶ 7.

      First, as the Complaint makes clear, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that attends all litigations," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97), but to "protect her privacy, confidentiality, and dignity."  Pseudo. Mot., ¶ 3.  The first factor favors pseudonymity when disclosing a plaintiff's identity will reveal information of a "sensitive [or] highly personal nature."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  Plaintiff asserts that disclosure of her identity will publicize "graphic details of the sexual assault," as well as "sensitive medical records."  Pseudo. Mot., ¶ 3.  As a general matter, the "sensitive and highly personal information" in pseudonymous litigation "commonly involves intimate issues such as sexual activities."  In re Sealed Case, 971 F.3d at 327; see also Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("Courts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault.") (citation omitted).  The first factor therefore weighs in favor of pseudonymity.

      The second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff also favors proceeding under a pseudonym.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  Plaintiff contends that her "intense psychiatric treatment" places her at a heightened risk of "severe emotional distress" from this matter's becoming public knowledge.  See Pseudo. Mot., ¶¶ 3, 5; see also Cabrera, 307 F.R.D. at 7 ("Out of grave concern that the Court could

exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."). To be sure, Plaintiff does not attach an affidavit or medical records supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [these] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Plaintiff's name in connection with this litigation would subject her to risk of "emotional distress, anguish[,] and trauma." Pseudo. Mot., ¶ 5; Compl. at 1–6. The second factor therefore supports granting the Motion.

The third factor cuts the other way, however. Plaintiff is not a minor and does not allege that disclosure of her identity would affect the safety or welfare of any minor. See In re Sealed Case, 971 F.3d at 326.

The fourth factor — in a bifurcated analysis — also disfavors pseudonymity. Roe is a private individual. This factor "weighs against allowing the plaintiff to use a pseudonym" in a claim against a private litigant who will "undoubtedly ha[ve] concerns about his reputation." Cabrera, 307 F.R.D. at 8. Plaintiff has, however, attempted to mitigate this issue and "avoid [any] risk of unfairness" by moving to allow Roe to also proceed under a pseudonym. See Pseudo. Mot., ¶¶ 7. To be sure, Plaintiffs' motion on behalf of Roe is a novel approach and, if he so chooses, Roe may subsequently move to remove his pseudonym. At this stage, permitting Defendant Roe to proceed pseudonymously removes the risk to his reputation.

For Co-Defendant Catholic University however, the fourth factor is not as easily resolved. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about

"reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. Dist. of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Cabrera, 307 F.R.D. at 8). Catholic University, however, is a private litigant that will "presumably have concerns" about its reputation, Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019), and Doe does not move for it to proceed pseudonymously. See Pseudo. Mot., ¶ 7. If Catholic had suffered substantial reputational damage from prior administrative proceedings with Doe, its concerns under this factor might be moot, and this factor would favor Doe's pseudonymity. See Cabrera 307 F.R.D. at 8; but see Doe 1, 369 F. Supp. 3d at 67 (finding that other investigations involving defendant outside of case did not "impact the potential for reputational damage from this litigation"). The Complaint, however, does not assert that these proceedings were made public, so they could not have had an impact on Catholic's reputation. See Compl., ¶¶ 5–6. This factor therefore weighs against Plaintiff's use of a pseudonym.

As just noted, the Complaint indicates that Plaintiff and Defendants know each other from past proceedings. See Pseudo. Mot., ¶ 6; Compl., ¶ 7. There is no "risk of unfairness" to a defendant when it knows the plaintiff's identity. In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" when defendant knows plaintiff's identity); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (fifth factor supports motion when defendant already knows plaintiff's identity). The fifth and final factor therefore supports granting Plaintiff's Motion.

In sum, while the third and fourth factors weigh against the Motion, the remaining factors favor permitting Plaintiff to proceed under a pseudonym at this stage. These factors additionally favor Roe's pseudonymity.

B.     Sealing

Plaintiff here does not seek to seal the entire suit; instead, she asks to seal only limited information in the Complaint and the Summons that could be used to identify her and Roe. The Court holds that Doe has met her burden to overcome the presumption in favor of public access to court records. It will analyze each Hubbard factor in turn.

The first factor — "the need for public access to the documents at issue," Nat'l Children's Ctr., Inc., 98 F.3d at 1409 — weighs in favor of sealing. Here, the pleadings include intimate medical documents and photographs of Plaintiff as addenda to the Complaint and Roe's address in the proposed Summons. See Sealing Mot. at 1, Ex. 2. These portions of the pleadings are not critical to aid the public's understanding of the allegations; indeed, Plaintiff proposes limited redactions only to intimate information that could be used to identify her and Roe, while leaving unsealed the claims made in the Complaint. Id. at 2. This "targeted" request tips the first factor in favor of sealing. Monbo v. United States, 2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).

The second Hubbard factor is neutral. Because "the public did not have prior access" to portions of the pleadings that Plaintiff seeks to seal, this factor neither favors nor disfavors Plaintiff's motion. United States ex rel. Grover v. Related Cos., LP, 4 F. Supp. 3d 21, 26 (D.D.C. 2013); see also CNN, Inc. v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021) (in assessing second factor, court "should consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit"). Prior administrative investigations involving Plaintiff and Defendants appear to have been conducted in house and kept confidential, and the Court is not aware of public reporting about the underlying facts. See Compl., ¶¶ 5–6.

The third factor lends more wind to Plaintiff's sails: "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). As is customary at this stage, no objection to the Motion has been filed.

The fourth Hubbard factor, "the strength of any property and privacy interests asserted," weighs heavily in favor of sealing. Nat'l Children's Ctr., Inc., 98 F.3d at 1409. Hubbard noted that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise." 650 F.2d at 324. The Motion seeks to redact "personal health information" and "private addresses" that could be used to identify parties in an alleged sexual-assault dispute. See Sealing Mot. at 2; see also Hubbard, 650 F.2d at 324 n.119 (suggesting intimate details include "those activities, ideas or emotions which one does not share with others or shares only with those who are closest" such as "sexual relations, the performance of bodily functions, family relations, and the like") (quotation marks omitted). District courts regularly permit parties to proceed under a pseudonym in such circumstances. See, e.g., C. v. District of Columbia, No. 23-1139, ECF No. 5 (Mem. Op.) at 3 (D.D.C. Apr. 27, 2023); Doe A v. Spahn, No. 23-2859, ECF No. 7 (Spahn Mem. Op) at 3 (D.D.C. Oct. 2, 2023). For the same reasons this factor weighs heavily in favor of sealing.

The fifth factor, which considers whether disclosure would prejudice the party seeking the seal in future litigation, is neutral. See United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020). Prejudice in this factor means "legal prejudice — *i.e.*, harm in future litigation" — not mental harm. Zapp, 746 F. Supp. 2d at 145; accord Friedman v. Sebelius, 672 F. Supp. 2d 54, 60 (D.D.C. 2009). Doe claims that redacting intimate medical records, photographs, and Roe's personal addresses, while leaving other portions of the pleadings unsealed, "would not prejudice any legitimate interest in accessing these documents."

8

Sealing Mot. at 2–3.  But that assertion answers the wrong question; this factor turns not on whether sealing would prejudice other parties, but instead on whether <u>disclosure</u> would prejudice <u>Plaintiff</u> in future litigation.  See <u>Zapp</u>, 746 F. Supp. 2d at 150; <u>Friedman</u>, 672 F. Supp. 2d at 60.  Doe leaves that question unanswered.  Still, at this early stage, it is difficult to estimate the impact of the documents Doe seeks to seal.  The fifth factor is thus neutral.  <u>Hubbard</u>, 650 F.2d at 321 (finding that "the weight of this factor cannot be determined" until the court can determine the importance of moving party's materials the litigation).

The sixth and final <u>Hubbard</u> factor concerns "the purposes for which the documents were introduced" and favors disclosure.  <u>Nat'l Children's Ctr., Inc.</u>, 98 F.3d at 1409.  Disclosure is the norm "where 'the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute,'" <u>Vanda Pharms., Inc. v. FDA</u>, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting <u>Berliner Corcoran & Rowe LLP v. Orian</u>, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)) (alteration in original), though this factor favors sealing where a party seeks only to seal portions of the pleadings not at issue in the case.  See <u>Gilliard v. McWilliams</u>, 2019 WL 3304707, at *5 (D.D.C. July 23, 2019) ("There is 'less of a pressing concern to unseal [records] if they are not relevant to the claims . . . .'") (quoting <u>Durham</u>, 818 F. Supp. 2d at 69).  The Court anticipates that the exhibits are an essential part of Plaintiff's case, as they were submitted as addenda to the Complaint and may serve as evidence for the underlying claims.  See Sealing Mot. at Exs. 1–2.  The sixth factor therefore weighs in favor of disclosure.

Overall, while the sixth <u>Hubbard</u> factor favors disclosure, three factors favor sealing and two are neutral.  The Court will thus grant Plaintiff's request to seal the exhibits accompanying her Complaint and Defendant Roe's address in the proposed Summons.

9

### III. Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Pseudonymously and [4] Motion to File Under Seal are GRANTED;

2. Plaintiff Doe and Defendant Roe shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3. Plaintiff's redacted Complaint and redacted Summons shall remain on the public docket; and

4. Within five days of this Order, Plaintiff shall file under seal a declaration containing Plaintiff's and Defendants' real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: September 16, 2025