IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-02978-RJL |
| | ) |
| JOHN ROE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO SEAL AND
FOR LEAVE TO FILE CORRECTED COMPLAINT**

Plaintiff in the above-captioned matter hereby moves pursuant to Local Civil Rule 5.1(h), for an order sealing the Complaint (ECF No. 1) in this matter and for leave to file a corrected version of the Complaint pursuant to this Court's Order granting Plaintiff's Motion to Proceed Pseudonymously (ECF No. 5).

**FACTS**

Plaintiff filed the Complaint in this matter on September 2, 2025. On the same day, Plaintiff filed a Motion to Proceed Pseudonymously to protect the identities, privacy, and physical and mental health of both the Plaintiff and Defendant. ECF No. 2. Plaintiff also asked the Court to seal certain exhibits to the Complaint that contained highly sensitive personal health information and other personally identifiable information. ECF No. 4. The Court granted both motions on September 16, 2025. ECF No. 5.

On October 1, 2025, Plaintiff learned that the Complaint mistakenly contained one instance of Defendant's first name instead of the pseudonym, John. The Court temporarily sealed the complaint while counsel discussed a resolution. Plaintiff's counsel conferred with Defendant's counsel and agreed to file this motion to seal the version of the Complaint with the erroneous

instance of the Defendant's first name (ECF No. 1) and file on the public docket a corrected version of the Complaint (attached hereto as Exhibit A) replacing the name with the approved pseudonym, John.

## **LAW**

Although there "is a strong presumption in favor of public access to judicial proceedings," *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016), this presumption is not absolute. "Courts should consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome, including:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings."

*Doe v. [Redacted]*, Case No. 1:19-cv-03266, 2019 WL 13254364, at *2 (D.D.C. Oct. 30, 2019) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

With respect to pseudonymity, courts apply the following five factors to balance a litigant's interest in anonymity with "countervailing interests in full disclosure:" "[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and, [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *In re Sealed Case*, 971 F.3d 324, 326-27 (D.C. Cir. 2020).

**DISCUSSION**

Plaintiff brings this motion on the same grounds as her original Motions to Proceed Pseudonymously and to Proceed Partially Under Seal. ECF Nos. 2 (Pseudo. Mot.) and 4 (Sealing Mot.). Specifically, the Defendant's privacy interests and interest in avoiding retaliatory physical or mental harm outweigh the public's interest in learning his full name at this stage in the proceedings. This Court granted Plaintiff's original motions, and the instant motion merely serves to correct one instance in which the Defendant's first name was mistakenly left unredacted.

Sealing the original Complaint and allowing Plaintiff to file a corrected complaint will not substantially prejudice the public's right of access. The public will still be able to read the entire complaint other than the parties' names, understand the nature of the proceedings and legal theories, and understand the nature of the evidence or averments in support of the allegations. This case relates to an extremely personal and sensitive matter involving two young adults. It is not a matter of government action or public concern. Still, Plaintiff's proposed way forward will protect the interest in open access to judicial records by leaving substantially all of the Complaint accessible for viewing.

**CONCLUSION**

Plaintiff respectfully requests that this Court permanently seal the original Complaint in this matter (ECF No. 1) and allow Plaintiff to file a corrected version of the complaint (Exhibit A hereto) substituting the pseudonym John Roe in place of Defendant's name.

Dated: October 9, 2025 Respectfully submitted,

*/s/ Kevin T. Carroll*
Kevin T. Carroll, D.C. Bar No. 1021479
Warren Bianchi, D.C. Bar No. 1016124
**Fluet**
1751 Pinnacle Dr., Ste. 1000
Tysons, VA 22102
T: (703) 590-1234
F: (703) 590-0366
kcarroll@fluet.law
wbianchi@fluet.law
e-file@fluet.law

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to counsel of record for all parties.

>*/s/ Kevin T. Carroll*
>Kevin T. Carroll, Esq.