UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JANE DOE,** | : | Case No. 1:25-cv-02978-RJL |
| **Plaintiff,** | : | |
| v. | : | |
| **JOHN ROE;** and | : | |
| **CATHOLIC UNIVERSITY OF AMERICA,** | : | |
| **Defendants.** | : | |

## ANSWER

Defendant John Roe ("Defendant Roe"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff Jane Doe ("Plaintiff") as follows.

## NATURE OF THE CASE[1]

1. To the extent Paragraph 1 contains an allegation that Defendant Roe inflicted violence on Plaintiff, Defendant Roe denies the allegation. Defendant Roe states that the allegations in Paragraph 1 consist largely of narrative, argument, and characterizations to which no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the allegations and therefore denies them.

2. Defendant Roe admits that he is a football player at Catholic University, that he met Plaintiff at the rugby house party on the night in question, that he walked with Plaintiff from the party to the male athletes' dormitory, and that he did not sign Plaintiff in as a guest. Defendant Roe denies that he invited Plaintiff to the party, denies that he prepared or obtained multiple alcoholic

---

[1] For organizational purposes, Defendant Roe adopts the primary headings of Plaintiff's Complaint.

drinks for her, denies that he remained "sober," and denies the connotation of the terms "escorted" and "leading." Defendant Roe admits to giving Plaintiff a single shot of alcohol in his friend's room, but denies any implication that he served her multiple alcoholic beverages. Defendant Roe further denies that he engaged in any nonconsensual sexual conduct. As to the remaining allegations in Paragraph 2, Defendant Roe lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

3.      Defendant Roe states that the allegations in Paragraph 3 are directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

4.      Defendant Roe admits that, following his encounter with Plaintiff, he sent her a social media message asking, "Are you good?" and that Plaintiff subsequently blocked him. Defendant Roe denies violently assaulting Plaintiff. As to the remaining allegations, Defendant Roe lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

5.      Defendant Roe admits that the University's Title IX board issued a decision finding against him. Defendant Roe denies any characterization that the board's finding was "reasonable," and denies the implied allegation that he raped Plaintiff. The remaining allegations in Paragraph 5 appear to be directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

6.      Defendant Roe admits that Lawrence Morris overturned the Title IX board's decision and issued a written decision to that effect. The remaining allegations in Paragraph 6

concern Mr. Morris's reasoning, statements, and internal assessments, as well as matters directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information to form a belief as to their truth and therefore denies them.

7. Defendant Roe states that the allegations in Paragraph 7 concern the actions, decisions, and policies of Defendant Catholic University and its official, Lawrence Morris, not those of Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. Defendant Roe states that the allegations in Paragraph 8 concern the actions, decisions, and policies of Defendant Catholic University and its official, Lawrence Morris, not those of Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

9. Defendant Roe states that the allegations in Paragraph 9 concern the actions, decisions, and policies of Defendant Catholic University and its official, Lawrence Morris, not those of Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10. Defendant Roe states that the allegations in Paragraph 10 that he is liable for assault, battery, and intentional infliction of emotional distress are legal conclusions and argumentative characterizations to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant further denies that he strangled, raped, or used force against

Plaintiff or otherwise engaged in any wrongful conduct toward her. Defendant further states that the remaining allegations in Paragraph 10 concern the actions and policies of Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

11. Defendant Roe denies the allegation in Paragraph 11 that he raped Plaintiff or that any actions or omissions by the University "led to" a rape. The remaining allegations in Paragraph 11 concern the policies and actions of Defendant Catholic University, not Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

## JURISDICTION

12. Defendant Roe states that the allegations in Paragraph 12 regarding the Court's jurisdiction are legal conclusions to which no response is required.

13. Defendant Roe states that the allegation in Paragraph 13 concerns Defendant Catholic University, not Defendant Roe, and therefore no response is required.

## VENUE

14. Defendant Roe states that the allegations in Paragraph 14 regarding venue are legal conclusions to which no response is required.

## THE PARTIES

15. Defendant Roe admits that Plaintiff was a Catholic University freshman in 2024. Defendant Roe lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 15 and therefore denies them.

16. Defendant Roe admits the allegations in Paragraph 16.

17. Defendant Roe admits that Catholic University is located in the District of Columbia. Defendant Roe lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 and therefore denies them.

## FACTUAL ALLEGATIONS

18. Defendant Roe states that the allegations in Paragraph 18 consist of hearsay, narrative, and characterizations regarding Plaintiff's alleged conduct and statements of third parties, all of which are outside Defendant Roe's knowledge. Defendant Roe therefore lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

19. Defendant Roe admits that he introduced himself to Plaintiff via social media. Defendant Roe denies that he invited Plaintiff to the party referenced in Paragraph 19. Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20. Defendant Roe admits that he met Plaintiff for the first time in person at the rugby house in the late evening on October 18, 2024. Defendant Roe lacks knowledge or information sufficient to form a belief as to whether he was carrying an open beer at the time described and therefore denies the allegation. Defendant denies the remaining allegations in Paragraph 20.

21. Defendant Roe admits that he and Plaintiff left the party together and walked back to his dormitory, but denies the connotation of the term "escorted." Defendant Roe admits that a University employee told him he did not need to sign Plaintiff in as a guest, but lacks sufficient knowledge or information to form a belief as to any additional statements attributed to that

employee and therefore denies them. Defendant Roe lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

22. Defendant Roe admits that he and Plaintiff each took one shot of alcohol in his friend's room, but denies serving her multiple drinks as alleged. He further admits that they then went to his dorm room, but denies the connotation of the term "led." Defendant Roe also admits that his roommate was not present, but denies that this was contrary to any statements he made. As to any allegations regarding Plaintiff's expectations, Defendant Roe lacks knowledge or information sufficient to form a belief about them and therefore denies those allegations. Defendant Roe denies the remainder of Paragraph 22.

23. Defendant Roe admits that he kissed Plaintiff on her neck. Defendant Roe denies the implication in Paragraph 23 that this occurred in the manner or sequence alleged, including any implication that the kiss "proceeded" immediately from the events described in Paragraph 22.

24. Defendant Roe admits that, to the extent the height and weight measurements alleged for him are intended as approximations, they are generally accurate. Defendant Roe lacks knowledge or information sufficient to form a belief as to Plaintiff's height or weight and therefore denies those allegations.

25. Defendant Roe denies the allegations in Paragraph 25.

26. Defendant Roe denies the allegations in Paragraph 26.

27. Defendant Roe admits that he asked Plaintiff to sleep in his dorm room. Defendant Roe further admits that after their encounter Plaintiff gathered her belongings and left his room, but denies that she was rushing or that she left her underwear behind. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and therefore denies them.

28. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. Defendant Roe admits that the following morning, he direct-messaged Plaintiff as-alleged. He further admits that Plaintiff blocked him on social media.

31. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. Defendant Roe denies that he is Plaintiff's "assailant." As to the remaining allegations in Paragraph 34, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

35. Defendant Roe admits that the University convened a Title IX hearing board. Defendant Roe lacks knowledge or information sufficient to form a belief as to the accuracy of Plaintiff's description or summary of her testimony as set forth in Paragraph 35 and therefore denies those allegations.

36. Defendant Roe admits that he testified to the matters described in Paragraph 36 and that those statements are true. Defendant Roe denies any implication that the allegations in Paragraph 36 constitute a complete summary of his testimony at the Title IX hearing and denies them to the extent they are inconsistent with his actual testimony.

37. Defendant Roe admits that he testified at the Title IX hearing regarding searching for a condom and his realization that he was not erect. Defendant Roe denies Plaintiff's characterization of his testimony as "contradictory." To the extent Paragraph 37 purports to summarize or characterize the testimony of any other witness, Defendant Roe lacks knowledge or information sufficient to form a belief as to the accuracy of those descriptions and therefore denies them.

38. Defendant Roe admits that he testified to the matters described in Paragraph 38 and that those statements are true.

39. Defendant admits the allegations in Paragraph 39.

40. Defendant Roe admits that, following a hearing on February 24, 2025, the University's Title IX board issued a decision on February 27, 2025. Defendant Roe denies that he raped Plaintiff and denies the board's finding to that effect. The remaining allegations in Paragraph 40 concern the University's reasoning, the evidence it considered, and Plaintiff's characterization of those matters, none of which are allegations about Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

41. Defendant Roe states that the allegations in Paragraph 41 concern the University's internal observations and interpretations, not factual allegations about Defendant Roe. To the extent a response is required from Defendant Roe, he lacks knowledge or information sufficient to form a belief as to the accuracy of those descriptions and therefore denies them.

42. Defendant Roe admits that Lawrence Morris overturned the Title IX board's decision. The remaining allegations in Paragraph 42 concern the actions, reasoning, and motives of Defendant Catholic University and its official, Lawrence Morris, not those of Defendant Roe,

and consist of narrative, argument, and legal conclusions to which no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

43. Defendant Roe states that the allegations in Paragraph 43 concern the actions and alleged ethical obligations of Defendant Catholic University and its official, Lawrence Morris, not those of Defendant Roe. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44. The allegations in Paragraph 44 concern the actions and reasoning of Defendant Catholic University and its official, Lawrence Morris, as well as allegations regarding Plaintiff's alleged prior conduct and injuries, none of which involve Defendant Roe and therefore require no response. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them. Defendant Roe further denies any allegation or implication that he raped Plaintiff or engaged in any wrongful conduct toward her.

45. Defendant Roe states that the allegations in Paragraph 45 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46. Defendant Roe denies that he wore a condom, denies that he had vaginal or anal sex with Plaintiff, and denies that he engaged in any non-consensual sexual conduct with Plaintiff. As to the remainder of the allegations in Paragraph 46, Defendant Roe states that he lacks

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

47. Defendant Roe denies any allegation or implication that he raped Plaintiff. The remainder of the allegations in Paragraph 47 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, as well as alleged statements and conduct of Plaintiff and other third parties, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48. Defendant Roe states that the allegations in Paragraph 48 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. Defendant Roe states that the allegations in Paragraph 49 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. Defendant Roe states that the allegations in Paragraph 50 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51. Defendant Roe states that the allegations in Paragraph 51 concern the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52. Defendant Roe admits that he digitally penetrated Plaintiff's vagina and that Plaintiff performed oral sex on him. Defendant Roe denies that these acts were non-consensual or involved any force, coercion, or wrongdoing. He further denies any allegation or implication that he raped Plaintiff, that he engaged in any non-consensual sexual conduct, or that he committed criminal sexual assault, sodomy, or any other criminal act. Defendant Roe states that the remaining allegations in Paragraph 52 concerning statements allegedly made by Plaintiff or other third parties, purported witness testimony, claims about Plaintiff's alleged impairment or intoxication, and the actions and reasoning of Defendant Catholic University's official, Lawrence Morris, are directed at Defendant Catholic University and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

53. Defendant Roe denies any allegation or implication that he sexually assaulted, sodomized, or raped Plaintiff, or that he engaged in any non-consensual or wrongful conduct toward her. The remainder of the allegations consist of narrative, argument, and conclusory characterizations concerning Plaintiff's alleged intoxication, conduct, and interactions with third parties, as well as the purported motives and actions of Defendant Catholic University and its official, Lawrence Morris, and therefore no response is required. To the extent a response is

required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

54. Defendant Roe denies any implication that is part of any alleged "history" of misconduct at Catholic University or that he engaged in any wrongful conduct towards Plaintiff. The remainder of the allegations in Paragraph 54 concern unrelated litigation, prior incidents, and alleged conduct by third parties, not Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55. Defendant Roe states that the allegations in Paragraph 55 concern commentary about Defendant Catholic University, its religious mission, and alleged conduct by third parties, not Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56. Defendant Roe denies that he was Plaintiff's "assailant," denies that he engaged in any wrongful or non-consensual conduct towards Plaintiff, and denies any implication that the University failed to "hold him responsible" for any such conduct. Defendant Roe states that the remaining allegations in Paragraph 56 concern the actions of Defendant Catholic University and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

57. Defendant Roe denies the allegation or implication that Plaintiff was incapacitated on the night in question. The remainder of the allegations in Paragraph 57 concern the policies and actions of Defendant Catholic University or the drug use of Plaintiff on the night in question, and

therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

58. Defendant Roe admits that he brought Plaintiff to his dormitory and that she was not signed in as a guest. Defendant Roe denies that Plaintiff was intoxicated or incapacitated, and denies that he planned ahead of time to engage in sexual relations with Plaintiff in his dorm room. The remaining allegations in Paragraph 58 concern only Defendant Catholic University and its personnel, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

59. Defendant Roe states that the allegations in Paragraph 59 consist of quotations and descriptions of University policy directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth or completeness of the policy language quoted in Paragraph 59 and therefore denies the allegations.

60. Defendant Roe denies that he "plied" Plaintiff with alcohol and that he raped her. The remaining allegations in Paragraph 60 concern Defendant Catholic University and its personnel, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

61. Defendant Roe admits that both he and Plaintiff testified to an act of oral sex. Defendant Roe denies that he engaged in anal sex or vaginal rape, denies that he engaged in any non-consensual or wrongful conduct, and denies any implication that Plaintiff's allegations in

Paragraph 61 are credible or accurate. Defendant Roe states that the portions of Paragraph 61 quoting or describing the University's code of conduct and Title IX policy are directed at Defendant Catholic University and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth or completeness of the policy language referenced in Paragraph 61 and therefore denies those allegations.

62. Defendant Roe states that Paragraph 62 consists of quotations and descriptions of University policy regarding consent, which are directed at Defendant Catholic University and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth or completeness of the policy language referenced in Paragraph 62 and therefore denies the allegations.

63. Defendant Roe denies the allegations in Paragraph 63.

64. Defendant Roe states that Paragraph 64 consists of quotations and descriptions of University policy regarding incapacitation, which are directed at Catholic University and to which no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth or completeness of the policy language referenced in Paragraph 64 and therefore denies the allegations.

65. Defendant Roe denies that Plaintiff was "too incapacitated to consent to sex," and further denies that he was aware of her purported incapacitation and denies that she was "unable to consent to sex." He further denies sexually assaulting Plaintiff. As to the remaining allegations in Paragraph 65, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**LEGAL CLAIMS**

66. Defendant Roe states that Paragraph 66 consists of a statement of law and therefore no response is required. To the extent a response is required, Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

67. Defendant Roe states that Paragraph 67 consists of statements of law and therefore no response is required. To the extent a response is required, Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**COUNT I: PRE-ASSAULT DELIBERATE INDIFFERENCE**
**(Against Defendant Catholic University)**

68. Defendant Roe incorporates his responses to Paragraphs 1 through 67 as if fully set forth herein.

69. To the extent Paragraph 69 contains factual assertions or implies that Defendant Roe sodomized Plaintiff or engaged in any wrongful or non-consensual conduct, Defendant Roe denies those allegations. The remaining allegations in Paragraph 69 consist largely of legal conclusions, argument, and allegations directed at Defendant Catholic University and therefore no response is required. To the extent a response is required, Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

**COUNT II: POST-ASSAULT DELIBERATE INDIFFERENCE**
**(Against Defendant Catholic University)**

70. Defendant Roe incorporates his responses to Paragraphs 1 through 69 as if fully set forth herein.

71. To the extent Paragraph 71 contains factual assertions or implies that Defendant Roe sodomized Plaintiff or engaged in any wrongful or non-consensual conduct, Defendant Roe denies those allegations. Defendant Roe further denies that Plaintiff was "inebriated to the point of an inability to consent." The remaining allegations in Paragraph 71 consist largely of legal conclusions, argument, and allegations directed at Defendant Catholic University, not Defendant Roe, and therefore no response is required. To the extent a response is required, Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

72. To the extent Paragraph 72 alleges or implies that Plaintiff "suffered a rape" as a result of the "violent nature of Defendant Roe's misconduct" or otherwise attributes any wrongful or non-consensual conduct to Defendant Roe, Defendant Roe denies those allegations. The remaining allegations in Paragraph 72 consist largely of legal conclusions, argument, and allegations directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe states that he lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

### COUNT III: PRE-ASSAULT DELIBERATE INDIFFERENCE
### (Against Defendant Catholic University)

73. Defendant Roe incorporates his responses to Paragraphs 1 through 72 as if fully set forth herein.

74. To the extent Paragraph 74 alleges or implies that Plaintiff was raped by Defendant Roe or that Defendant Roe engaged in any wrongful or non-consensual conduct, Defendant Roe denies those allegations. The remaining allegations in Paragraph 74 consist largely of legal conclusions, argument, and allegations directed at Defendant Catholic University, and therefore

no response is required. To the extent a response is required, Defendant Roe denies the remaining allegations in Paragraph 74.

### COUNT IV[2]: NEGLIGENCE *PER SE*
### (Against Defendant Catholic University)

75. Defendant Roe incorporates his responses to Paragraphs 1 through 74 as if fully set forth herein.

76. To the extent Paragraph 76 alleges or implies that Defendant Roe inflicted injuries on Plaintiff or otherwise engaged in wrongful or non-consensual conduct, Defendant Roe denies those allegations. Defendant Roe further denies the allegation that Plaintiff was "visibly intoxicated." The remaining allegations in Paragraph 76 consists largely of legal conclusions, argument, and allegations directed at Defendant Catholic University, and therefore no response is required. To the extent a response is required, Defendant Roe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and therefore denies them.

### COUNT V: ASSAULT
### (Against Defendant Roe)

77. Defendant Roe incorporates his responses to Paragraphs 1 through 75 as if fully set forth herein.

78. Defendant Roe denies all of the allegations in Paragraph 78.

### COUNT VI: BATTERY
### (Against Defendant Roe)

79. Defendant Roe incorporates his responses to Paragraphs 1 through 78 as if fully set forth herein.

---

[2] This Count is labeled as a second "Count III" in the Complaint, which appears to be a mere typographical error.

80. Defendant Roe denies all of the allegations in Paragraph 80.

81. Defendant Roe incorporates his responses to Paragraphs 1 through 80 as if fully set forth herein.

82. Defendant Roe denies all of the allegations in Paragraph 82.

## JURY DEMAND

Defendant Roe demands a trial by jury on all issues.

Respectfully submitted,

/s/ Matthew Covert
Matthew Covert
D.C. Bar No. 1602150
Covert Jackson Yarbro PLLC
600 Massachusetts Avenue NW, Suite 250
Washington, D.C. 20001
mcovert@cjypllc.com
(202) 577-8172

*Counsel for John Roe*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Answer to the Complaint was served electronically on all counsel of record on this day, the 1st day of December, 2025.

                                  /s/ Matthew Covert
                                  Matthew Covert
                                  D.C. Bar No. 1602150
                                  Covert Jackson Yarbro PLLC
                                  600 Massachusetts Avenue NW, Suite 250
                                  Washington, D.C. 20001
                                  mcovert@cjypllc.com
                                  (202) 577-8172

                                  *Counsel for John Roe*